IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETH A. WASEM, Plaintiff | Civil Action No. 12-cv-05356 |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, Defendant | |
| and | |
| SOCIAL SECURITY ADMINISTRATION, Interested Party | |

O R D E R

NOW, this 6th day of August, 2014, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review, which brief was filed June 13, 2013; upon consideration of Defendant's Response to Request for Review of Plaintiff, which response was filed August 16, 2013; upon consideration of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart filed October 15, 2013; upon consideration of Defendant's Objections to the Magistrate Judge's Report and Recommendation, which objections were filed October 16, 2013; upon consideration of plaintiff's Complaint filed November 6, 2012, and defendant's Answer filed April 29, 2013 and after a thorough review of the record in this matter; it appearing that Magistrate Judge Hart's

Report and Recommendation correctly determined the legal issues presented in this case,

IT IS ORDERED that Magistrate Judge Hart's Report and Recommendation is approved and adopted.[1]

IT IS FURTHER ORDERED that the decision of the Commissioner of Social Security is reversed.

IT IS FURTHER ORDERED that defendant's objection to the Report and Recommendation is overruled.[2]

---

[1] The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. Jozefick v. Shalala, 854 F.Supp. 342, 347 (M.D.Pa. 1994). However, the district court must review de novo those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). The court may "accept, reject or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001)(Padova, J.); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge. Raddatz, supra.

As more fully discussed below, I adopt Magistrate Judge Hart's Report and Recommendation that substantial evidence on the record indicates that the claimant is disabled and entitled to benefits and that the case be reversed and remanded for the calculation of benefits. Accordingly, I overrule defendant's objections to the Report and Recommendation, grant plaintiff's request for review, and reverse the decision of the Commissioner of Social Security.

[2] Defendant raises one objection to Magistrate Judge Hart's Report and Recommendation. Defendant argues that the Report and Recommendation is erroneous in that the reversal for the award of benefits is inappropriate. Specifically, defendant contends that this case is appropriate for remand, not reversal, because of the contradictory and ambiguous medical source statements, medical evidence, and statements of record.

(Footnote 2 continued):

(Continuation of footnote 2):

"A district court, after reviewing the decision of the Secretary may, under 42 U.S.C. § 405(g) affirm, modify, or reverse the Secretary's decision with or without a remand to the Secretary for a rehearing." Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984); see also 42 U.S.C. § 405(g).

In reviewing an appeal from the decision of the Commissioner of the Social Security Administration, "[t]he Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971)).

Defendant's objection contends that the decision of the Administrative Law Judge ["ALJ"] should be remanded rather than reversed because, defendant contends, there are factual issues left to be resolved. For the following reasons, I find that Magistrate Judge Hart correctly determined that substantial evidence did not support the ALJ's determination that Ms. Wasem was not disabled, but rather that substantial evidence supported a reversal of the ALJ's decision and a finding that Ms. Wasem is disabled.

After de novo review of the fully developed record in this matter, I agree with Magistrate Judge Hart that the treatment notes of Ms. Wasem's treating physicians indicate that substantial evidence on the record supports a finding that Ms. Wasem is disabled. I agree that the opinion of a treating doctor is entitled to controlling weight when it is well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 416.927; see also Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000).

It is clear that Ms. Wasem's treating physician considered her to be disabled. Dr. James Wasson, Ms. Wasem's general practitioner, stated that "[Ms. Wasem] has issues with chronic pain, hepatitis C and depression." Administrative Record at 376. Dr. Eric Becker, Ms. Wasem's former psychiatrist, indicated that she "is suffering from bipolar affective disorder that impairs her from working reliably." Administrative Record at 344. Dr. Janet Schwartz, Ms. Wasem's psychiatrist indicated that Ms. Wasem "cannot plan for future, gets into arguments with family members ... is very emotional and angry" and diagnosed Ms. Wasem with Bipolar I Disorder, Panic Disorder, Borderline Personality Disorder, Scoliosis, Spinal Stenosis, Hepatitis C, and Fibromyalgia. Administrative Record at 872, 879. Dr. Janet Snyder, an independent mental health consultant diagnosed Ms. Wasem with Bipolar Disorder, Alcoholism in remission, and Cluster B Personality Disorder. Administrative Record at 183.

Dr. Noi Walkenstein, Ms. Wasem's general practitioner, diagnosed MS. Wasem with hepatitis C, weight loss, muscle wasting, myalgias, depression, and anxiety. Administrative Record at 321, 323. Dr. Jolanta Zelaznicka, Ms. Wasem's rheumatologist diagnosed her with fibromyalgia,

(Footnote 2 continued):

IT IS FURTHER ORDERED that this matter is remanded to the Commissioner of Social Security for the calculation of benefits.

IT IS FURTHER ORDERED that the Clerk of Court shall close this civil action for statistical purposes.

BY THE COURT:

/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 2):

Bipolar Disorder, and hepatitis C. Administrative Record at 417. Dr. Robert Marcini, Ms. Wasem's neurosurgeon, indicated that Ms. Wasem has "chronic back pain ... due to her underlying degerative disc and facet joint disease." Administrative Record at 874. Finally, Jesse Birckhead, LCSW, Ms. Wasem's psychotherapist, indicated that Ms. Wasem had low energy because of depression and fibromyalgia. Administrative Record at 173.

The treatment notes from Ms. Wasem's treating physicians and lay testimony from Ms. Wasem's psychotherapist are adequate evidence to convince a reasonable mind that petitioner is disabled. See Ventura, supra. In this regard, I adopt the thorough analysis and reasoning contained in pages 5 - 18 of Magistrate Judge Hart's Report and Recommendation.

The district court may choose to reverse the decision of the Administrative Law Judge and award benefits only when "the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the Claimant is disabled and entitled to benefits." Gilliland v. Heckler, 786 F.2d 178, 184 (3d Cir. 1986); see also Newell v. Commissioner of Social Security, 347 F.3d 541, 549 (3d Cir. 2003). "Such a decision is especially appropriate when the disability determination process has been delayed due to factors beyond the claimant's control." Brownawell v. Commissioner of Social Security, 554 F.3d 352, 358 (3d Cir. 2008); see also Whittle v. Astrue, 2012 WL 1623042 (E.D.Pa. May 9, 2012) (Pratter, J.).

Because the administrative record of the case has been fully developed, and because, as discussed above, substantial evidence on the record indicates that petitioner is disabled, reversal of the decision of the Administrative Law Judge is appropriate. After de novo review of the record in this matter, I conclude that there exists substantial evidence to reverse the ALJ's determination in this case. I find both Report and Recommendation to be correct factually and legally. Accordingly, I overrule defendant's objection that this matter should not be reversed and approve and adopt Magistrate Judge Hart's Report and Recommendation.